FILED

10 JUL 28 PM 3: 15

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1 | AFFELD GRIVAKES ZUCKER LLP
David Affeld, CA Bar 123922
2 | dwa@agzlaw.com
Christopher Grivakes, CA Bar 127994
3 | cg@agzlaw.com
Gregg Zucker, CA Bar 166692
4 | gz@agzlaw.com
12400 Wilshire Blvd., Ste 1180
5 | Los Angeles, CA 90025
T: (310) 979-8700
6 | F. (310) 979-8701

7 | Attorneys for Plaintiff,
MICHAEL HUGHES

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12 | MICHAEL HUGHES, a California resident, on behalf of himself and all others similarly situated,

Case No.: **CV10 5617-SVW (VBKx)**

CLASS ACTION

COMPLAINT

DEMAND FOR JURY TRIAL

14 | Plaintiffs,

15 | vs.

16 | TRAVEL TO GO, INC., a California corporation, and DOES 1 through 10

COMPLAINT

Plaintiff Michael Hughes, on behalf of himself and all other persons similarly situated, alleges as follows:

## THE PARTIES

1.    Plaintiff Michael Hughes is an individual who at all times mentioned in this complaint resided within the State of California and the County of Los Angeles.  In August of 2009, plaintiff received a solicitation from defendant Travel to Go, Inc. to attend a sales presentation in the City of Pasadena within the County of Los Angeles and entered into an agreement with defendant Travel To Go in the City of Los Angeles, County of Los Angeles.

2.    Defendant Travel To Go, Inc. is and was at all times relevant herein a duly registered California corporation with its principal place of business in San Diego, California. At all relevant times mentioned herein, it conducted business in the State of California and the County of Los Angeles.

3.    Defendants DOES 1 through 20 are principals, owners, officers, directors, employees, agents, independent contractors, affiliates, associates, representatives, subsidiaries, successors and assigns of defendant Travel To Go, Inc., who either participated in the acts set forth in this Complaint and/or who had control of the named defendant's operations and knew or should have known that such acts were being committed.  The true names and capacities, whether individual, corporate, or otherwise of defendants named as DOES 1 through 20 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show the true names when the same have been ascertained.

4.    Each of the defendants named herein, including DOES 1-20, acted as the agent, joint venturer or alter ego of or for the other defendants with respect to the acts, violations, and common course of conduct alleged herein.

## JURISDICTION AND VENUE

5.    Civil Code §395.5 provides that a corporation may be sued in the county where a contract is made or is to be performed, or where the obligation or

liability arises, or the breach occurs.  Venue is proper in Los Angeles County because the agreement between plaintiff and defendant Travel To Go, Inc. which is at issue in this Complaint was made and was to be performed in Los Angeles County,  the obligation or liability arose in Los Angeles County, and the breach of this agreement occurred in Los Angeles County.

6.    *Civil Code* §1780(c) permits an action brought under the Consumer Legal Remedies Act to be commenced in the county in which the person against whom it is brought is doing business, or in the county where the transaction or any substantial portion thereof occurred.    Venue is proper in Los Angeles County since defendant, at all relevant times herein, was doing and does business in Los Angeles County, and since the transaction alleged in this Complaint occurred within Los Angeles County. Plaintiff is filing concurrently and under separate cover with this complaint the affidavit required by *Civil Code* §1780 to establish that Los Angeles County is the proper place for the trial of this action.

7.    In the aggregate, the damages suffered by the class of which plaintiff is a representative exceed the jurisdictional minimum of this Court.

## STATEMENT OF FACTS

8.    On or about August 20, 2009, plaintiff, who lives in the city of Los Angeles, received a postcard in the mail.  The front of the postcard on the left-hand side stated, "MARRIOTT RSVP NOW: 1-888-778-4048 OFFICE HOURS: MON-FRI: 9AM-9PM SAT:   10 AM-7PM, SUN: 10 AM-4PM 9PST)   NO PURCHASE NECESSARY    THIS IS NOT A SOLICITATION FOR TIMESHARE; TAXES AND SURCHARGES MAY APPLY. *CERTAIN RESTRICTIONS MAY APPLY."   The right side of the front of the postcard stated plaintiff's name and address with this above:  CALL TOLL FREE 1-888-778-4048    FAIRFIELD INN HOLIDAY INN MARRIOTT, PASADENA PROMOTIONAL CODE:  P-8777."   The back of the postcard stated in its entirety: "MARRIOTT  Congratulations!  Because of your ability to maintain your personal lines of credit we are awarding you and a guest a complimentary

vacation getaway in **2009** on us!   You have been selected to receive a complimentary 3 day/2 night stay at one of Marriott's 1000 locations.   This includes Fairfield and Holiday Inn hotels nationwide for two adults.  We want to hear from you!  We will include 2 round-trip airline tickets to fly anywhere in the contiguous U.S. if claimed within the first 48 hours upon receipt of this postcard.  Once again, there is only one way to find out how to get your **2009** Marriott getaway: CALL NOW!    1-888-778-4048    THIS PROMOTION IS NOT SPONSORED BY OR AFFILIATED WITH MARRIOTT.   *Fees and taxes for hotel and air travel are the responsibility of guest, certain restrictions apply.  PLEASE RESPOND PROMPTLY SO THAT WE MAY PROCESS YOU.  FAIRFIELD INN HOLIDAY INN   CALL NOW!   WITHIN 48 HOURS OF RECEIVING THIS PROMOTION AND YOU WILL RECEIVE A SPECIAL OFFER:  2 AIRLINE TICKETS."   A true and correct copy of this postcard is attached to this complaint as Exhibit A.

9.   In response to the postcard, plaintiff and his wife called the number provided on or about August 21, 2009.  A woman who did not state her name answered "Global Marketing."  She asked for the ID number on the card.  After plaintiff read it to her, she identified the company as Travel To Go, a "wholesale" travel entity based in San Diego.  She added that Travel To Go was conducting 90 minute presentations at the Courtyard Marriott in Pasadena, and that by attending the "speech about the 3 day/2 night stay," which is good at any Marriott, Fairfield, or Holiday Inn, plaintiff and his wife would receive 2 round-trip airline tickets, anywhere in the continental United States.  They would have one year to take the trip, were responsible for unspecified taxes, and could fly on any major airline out of any major airport.   After plaintiff answered qualifying questions as to age, income, and vacation habits, and was told that he definitely qualified, the representative asked him to select between several dates and times for attending.  When plaintiff asked some questions on what was going to take place at the presentation, the representative merely responded that Travel To Go just wanted to

show how they could save plaintiff and his wife money by booking their travel through Travel To Go.

10. On or about August 26, 2009, plaintiff and his wife attended the presentation at the Courtyard Marriott in Pasadena. The presentation that ensued was for the sale of a membership in a discount travel club. It was conducted by salesman Mark Taylor. During his talk, Mr. Taylor mentioned that one had to stay for 90 minutes before being eligible to receive the promised travel incentive, that the incentive required the payment of taxes, and travel could not occur on major holidays. This was the first time that plaintiff was aware of any major restriction as to the holiday blackout. It was also the first time that plaintiff was informed by defendant or its agents that the product being sold at the 90 minute presentation was an expensive membership in a travel club .

11. At the end of the presentation, Travel To Go did not present plaintiff and his wife with any airline tickets, or ticket and accommodations vouchers. Rather, plaintiff received from Travel To Go a "certificate" which was "valid for a reservation registration form" from another entity. A true and correct copy of this certificate is attached to this Complaint as Exhibit B.

12. There are many material restrictions and conditions in this form including the following:

(A)  No one under the age of 21 can travel. A parent who wishes to travel with a child under the age of 21 cannot do so;

(B) A "nonrefundable $50.00 redemption fee" is required just for redeeming the certificate to receive the reservation form.

(C)  An additional $50 per person is required as an "agency processing fee."

(D)  "All reservations require a minimum of 90 days advance notice."

(E)  "Dates near holidays, weekends and during major conventions are usually not available."

(F)  "Check in for this offer is usually on a Monday or Tuesday" which would mean that return is also on a weekday.  Plaintiff is informed and believes and so alleges that the departure is in the latter part of a day with a return in the morning of the third day and consequently the trip is not for three days as represented by Travel To Go.

(G)  All vacation offers are subject to the fulfilling travel agencies availability and promotions inventory.

(H)  In most cases, the recipient must provide the fulfilling travel agency multiple travel dates.

(I)   All reservations are subject to availability.

(J)   The certificate had to be registered within less than one month following receipt.

(K)  Travel must be taken within 12 months of registration.

None of these restrictions and conditions were disclosed to plaintiff in writing prior to the sales presentation. During the initial telephonic contact, plaintiff was told by the representative of Travel To Go that the only restriction was that the trip had to be taken within one year and that he was obligated to pay taxes in an amount that was not disclosed.  During the sales presentation, Travel to Go's salesman only mentioned that there was a requirement to pay taxes and travel could not be taken on major holidays.

14. Plaintiff is informed and believes and so alleges that Travel To Go had purchased the travel certificates offered to those who attended its presentations from another entity which prices the cost of such certificates to the merchant depending upon the number and severity of restrictions and conditions contained in a particular certificate.  Plaintiff is further informed and believes and so alleges that the travel certificate given him was purposely intended to induce "breakage," a term of art used in the promotional incentives industry and by merchants who routinely offer such certificates as inducements to attend sales presentations—for example, timeshare developers and discount travel clubs.  "Breakage" refers to the

-6-

1  inclusion of restrictions and conditions which will prove to be so difficult and

2  frustrating to the recipient that he or she will be discouraged from taking the trip

3  or will agree to an "upgrade" offered by the travel agency for additional cost in

4  order to obtain a trip that is easier to arrange.

5  <u>**CLASS ACTION ALLEGATIONS**</u>

6      15.   Plaintiff brings this action, on behalf of himself and all others similarly

7  situated, as a class action pursuant to *California Code of Civil Procedure* §382,

8  and pursuant to *California Civil Code* §§1780 and 1781 (Consumer Legal

9  Remedies Act).    The classes (hereafter "Classes") which plaintiff seeks to

10  represent are composed of and defined as follows:

11       A.  All persons within the State of California who (i) received
12  a written offer from defendant Travel To Go promising
     accommodations and/or airline tickets as an inducement to
13  attend a sales presentation, (ii) attended a sales presentation as
     a result of receiving the offer, (iii) did not receive a writing
     <u>prior to attending the sales presentation</u> setting forth all
14  restrictions, qualifications and conditions of the offered
     accommodations and/or airline tickets, and (iv) received that
15  certificate which plaintiff was provided at the sales
     representation which is attached to this Complaint as Exhibit
16  B.

17       B. All persons within the State of California who (<u>i</u>) received
18  a written offer from defendant Travel To Go promising
     accommodations and/or airline ticket as an inducement to
19  attend a sales presentation, (ii) attended a sales presentation as
     a result of receiving the offer, (iii) did not receive a writing
     <u>prior to attending the sales presentation</u> setting forth all
20  restrictions, qualifications and conditions of the offered
     accommodations and/or airline tickets, and (iv) received a
21  certificate or other document at the sales representation which
     contained restrictions, qualifications and conditions for
22  redemption of the accommodations and/or airline ticket.

23       C. All persons within the State of California who (<u>i</u>) received
24  a written offer from defendant Travel To Go promising any
     promotional incentive as an inducement to attend a sales
25  presentation, (ii) attended a sales presentation as a result of
     receiving the offer, (iii) did not receive a writing <u>prior to</u>
     <u>attending the sales presentation</u> setting forth all restrictions,
26  qualifications and conditions of the offered accommodations
     and/or airline tickets, and (iv) received a certificate or other
27  document at the sales representation which contained
     restrictions, qualifications and conditions for redemption of
28  the offered promotional incentive.

16.   ***Community of Interests***:   This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

17.   ***Numerosity***:   It is impracticable to bring all members of the class before the court.   While the exact number of class members is unknown to plaintiff at this time and can only be ascertained through discovery, plaintiff is informed and believes and so alleges herein that at least from May of 2007 defendant has solicited hundreds if not thousands of persons within the State of California to attend its sales presentations through the offer of promotional incentives without disclosing in writing all of the restrictions, qualifications, and conditions which were required to redeem those promotional incentives.   These individuals like plaintiff were induced by such offers to attend sales presentations, and received certificates or other documents which contained numerous material undisclosed restrictions, qualifications and conditions.     Plaintiff's calculation is based upon the following:   He was one of ten to eighteen people at the sales presentation he attended.   The representative of Travel To Go he first contacted telephonically told him that there were three different presentations on each of two days during the week.   Plaintiff is informed and believes and so alleges that Travel To Go conducts sales presentations in several cities throughout California on a continuing basis.   Given this large number of persons who fall within the classes identified in paragraph 12  herein, joinder of all members of the Class is impracticable.   Class members can be notified of the pendency of this action by published and/or mailed notice.

18.   ***Common Questions Predominate***:   The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.   The questions common to members of the Class are as follows:

(A)    Whether defendant Travel To Go sent written offers of promotional incentives, including, but not limited to accommodations and/or airline tickets, to persons within the State of California which did not disclose all restrictions, qualifications, and conditions on the redemption of the promotional incentives.

(B)    Whether those persons who received the offers responded to the offers by contacting Travel To Go.

(C)    Whether those persons who received the offers later attended a sales presentation conducted by Travel To Go.

(D)    Whether those persons who received the offers received a certificate or other document which set forth restrictions, qualifications, and conditions on the redemption of the offered promotional incentives which had not been disclosed to them in writing prior to attending the sales presentation.

(E)    Whether these practices of defendant are in violation of California's promotional incentives statutes, specifically Business and Professions Code §§17537.1 and 17537.2.

(F)    Whether these practices of defendant are in violation of the Consumer Legal Remedies Act.

(G)    Whether defendant, by offering accommodations or airline tickets or other promotional incentives, breached its contracts with those who accepted its offers in failing to deliver to them at the end of its sales presentations vouchers for accommodations or airline tickets, airline tickets, or any other promotional incentive described in its offers .

(H)    The appropriate nature of class-wide equitable relief.

19.    **_Typicality_:**    Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of defendant's common course of conduct in violation of law as complained of herein.  The injuries and damages of each member of the

Class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

20.   ***Adequacy***:  Plaintiff will fairly and adequately protect the interests of the members of the Class.   Plaintiff is presently a resident of the State of California, and will attend and actively participate in all required pre-trial, discovery, and trial stages of this litigation.  He has no interests which are adverse to the interests of absent class members.  Plaintiff has retained counsel who has substantial experience and success in the handling of class actions and other complex litigation.

21.   ***Superiority***:  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost on the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

22.   ***Difficulties***:  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

23.   ***Notice***:  In his cause of action for violations of the Consumer Legal Remedies Act, Plaintiff is herein seeking only injunctive relief.  Consequently, under §1782(d), since he is asking only for injunctive relief, he is not required to provide defendant with that 30-day written corrective notice specified in Civil

Code §1782 as a prerequisite to the allegation of a cause of action under the Consumer Legal Remedies Act.  Pursuant to Civil Code §1782(d), plaintiff may amend the complaint pursuant to Civil Code §1782(a) to include a request for damages.  A true and correct copy of the 30-day corrective notice required by §1782(a) is attached to this Complaint as Exhibit C.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF BUSINESS AND PROFESSIONS**
**CODE SECTIONS 17537.1 AND 17537.2**
**(OFFERING OF PROMOTIONAL INCENTIVES)**
**AS ALLEGED BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASSES AGAINST ALL DEFENDANTS**

24.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.    At various times within the past three years, defendant and DOES 1 through 20 have committed the following violations of Business and Professions Code §17537.1:  As part of an advertising plan or program, offering incentives in writing as an inducement to the recipient to attend a sales presentation and failing to disclose in the written offer all restrictions, qualifications, and other conditions which must be satisfied before the recipient is entitled to receive the incentives, and all other rules, terms, and conditions of the offer, plan or program, as required by §17537.1(a)(2)(B) and (a)(2)(E). Defendant failed to disclose in writing those restrictions, qualifications, and other conditions to plaintiff and all others similarly situated which are set forth in paragraph 12 and Exhibit B of this Complaint.  In fact, defendant utterly failed to disclose even verbally to plaintiff any of the many material restrictions, qualifications, and other conditions except for a single disclosure that the trip had to be taken within a year and that he was obligated to pay an unspecified amount for taxes.

26.    At various times within the past three years, defendant Travel To Go and DOES 1 through 20 have committed the following violations of Business and Professions Code §17537.2:

-11-
**COMPLAINT**

(A)    When used as part of an advertising plan defined in Business and Professions Code §17537.1, requesting that a recipient of a promotional incentive, in order to utilize the incentive, pay any money to any person or entity named or referred to in the offer, or to otherwise pay that person or entity for anything, with the exception of a fully refundable $50 deposit made payable to the transportation facility or accommodation, and government-imposed taxes if the approximate dollar amount is disclosed in close proximity to the  description of the incentive, as prohibited by Business and Professions Code §17537.2(a).

(B)    Describing an incentive in an untrue or misleading manner, as prohibited by Business and Professions Code §17537.2(e).  Defendant stated in its offer that plaintiff and others similarly situated had been pre-selected to receive a complimentary stay at one of Marriott's 1,000 locations along with 2 round-trip airline tickets.  In fact, those who attended the sales presentations did not receive airline tickets or accommodations, or vouchers for tickets or accommodations.  Defendant failed to disclose that attendees would receive a certificate setting forth numerous undisclosed and material restrictions.  Further, the trip was not "complimentary."  Those couples who responded to the offer were required to pay $150 to the entity responsible for fulfilling the trip.

(C)    Offering an incentive as described in Business and Professions Code §17537.1 and failing to disclose in its offers in close proximity to the description of the incentive those government-imposed taxes which will be the recipient's responsibility and the approximate dollar amount of those taxes, as is required by *Business and Professions Code section 17537.2(a)*.

27.    Plaintiff's actual damages were at least $3600, which was the average market value of two roundtrip airfares and hotel accommodations at Marriott hotels for the 12-month period following his attendance at the sales presentation.  Even though plaintiff honored his part of the agreement by attending and sitting through defendant's sales presentation, defendant did not honor its agreement by providing plaintiff with that airfare and accommodations as offered to him.

-12-

**SECOND CAUSE OF ACTION**
**[VIOLATIONS OF CIVIL CODE §1750 *et. seq.***
**Consumers Legal Remedies Act]**
**AS ALLEGED BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF**
**THE CLASSES AGAINST ALL DEFENDANTS**

28.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

29.    An airline ticket and hotel accommodations are both goods and services within the meaning of goods and services as defined by Civil Code §1761.  An airline ticket is either a tangible chattel leased for use primarily for personal purposes or a certificate or coupon exchangeable for the goods which is space aboard an airplane.  With respect to the offer here, the airline ticket also involves services for other than a commercial or business use.    Similarly, accommodations are tangible chattels since a room is provided for a period of time and involves services as well by the hotel.

30.    Defendant and DOES 1 through 20 have engaged in unfair methods of competition and unfair or deceptive acts or practices in transactions undertaken by persons which were intended to result in the sale or lease of goods or services to consumers.  These unfair methods of competition and unfair or deceptive acts or practices included, but were not limited to, the following which are in violation of the Consumers Legal Remedies Act "List of proscribed practices", as set forth in *Civil Code* §1770:

(A)    Representing that goods or services have characteristics or uses which they do not have, in violation of *Civil Code* §1770(a)(5).  Plaintiff and all others similarly situated were told that they would receive complimentary airline tickets and accommodations.  Instead, they received a certificate laden with hurdles and costs in booking travel specifically designed to discourage arranging a trip.  The certificate did not even provide a number to call to book a trip, as is customary with legitimate travel entities.

(B)    Representing that goods or services are of a particular standard, quality or grade if they are of another, in violation of *Civil Code* §1770(a)(7).

-13-

Plaintiff and all others were told that they would receive airline tickets and accommodations. Instead, they a received a certificate laden with hurdles and costs in booking travel specifically designed to discourage arranging a trip. The certificate did not even provide a number to call to book a trip, as is customary with legitimate travel entities

(C)    Advertising goods or services with intent not to sell them as advertised, in violation of *Civil Code* § 1770(a)(9). Defendant falsely represented that in return for consideration from plaintiff and all others similarly situated it would provide airline tickets and accommodations in return for sitting through its sales presentation.

31.    Pursuant to *Civil Code* §1780(a)(2), this court should issue an order enjoining the methods, acts, and practices alleged in this cause of action.

### THIRD CAUSE OF ACTION
### BREACH OF ORAL CONTRACT
### AS ALLEGED BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASSES
### AGAINST DEFENDANTS

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

33.    Defendant Travel To Go entered into an agreement with plaintiff and all others similarly situated to give them airline tickets and accommodations in return for attending and sitting through its sales presentations. It breached this agreement by failing to provide them with airline tickets and accommodations.

34.    Plaintiff and all others similarly situated are entitled to recover damages in amounts to be determined at trial.

### PRAYER

WHEREFORE, plaintiff, on behalf of himself and all others similarly situated, prays for judgment as follows:

That the court issue an order certifying that the action may be maintained as a class action as defined herein.

**On the First Cause of Action**:

1.     Treble damages in amounts to be determined at trial pursuant to Business and Professions Code §17537.4.

2.     Reasonable Attorney's fees pursuant to Business and Professions Code §17537.4.

**On the Second Cause of Action:**

1.     An order enjoining those methods, acts and practices alleged.

2.     Attorney's fees pursuant to *Civil Code* §1780(c).

3.     Such other and further relief that the court deems proper.

**On the Third Cause of Action:**

1.     Damages in amounts to be determined at trial.

2.   Attorney's fees and costs pursuant to *Code of Civil Procedure* §1021.5.

Dated:  July 27, 2010

AFFELD GRIVAKES ZUCKER LLP


By   /s/
     Christopher Grivakes (State Bar No. 127994)
     Email:  cg@agzlaw.com
     12400 Wilshire Blvd, Suite 1180
     Los Angeles, CA  90025
     Telephone:  (310) 979-8700
     Facsimile:   (310) 979-8701

     *Attorneys for Plaintiffs*

1    ### DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury.

3    Dated:  July 27, 2010

4                                                    AFFELD GRIVAKES ZUCKER LLP

5

6                                                    By   /s/
7                                                         Christopher Grivakes (State Bar No.
                                                          127994)
8                                                         Email:  cg@agzlaw.com
                                                          12400 Wilshire Blvd, Suite 1180
9                                                         Los Angeles, CA  90025
                                                          Telephone:  (310) 979-8700
10                                                        Facsimile:   (310) 979-8701

11                                                   *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT